UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

BRITTANY HOGENCAMP,                             Civil Action No.

        Plaintiff,

-against-                                       COMPLAINT

UNITED STATES OF AMERICA

        Defendants.

------------------------------------------------X

Plaintiff, **BRITTANY HOGENCAMP**, by her attorneys, **FIEDLER DEUTSCH, LLP** as and for her Complaint against the Defendant allege, upon information and belief, as follows:

## I.

## PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE

1. This is a medical malpractice case involving the severe and permanent injuries sustained by Plaintiff **BRITTANY HOGENCAMP**.

2. Plaintiff **BRITTANY HOGENCAMP** resides in Wappingers Falls, New York Dutchess County.

3. The Defendant is the **UNITED STATES OF AMERICA**.

4. This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §1346(b), and 28 U.S.C. §2671 - §2680 *et seq.*, commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. The Defendant **UNITED STATES OF AMERICA** may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the

Summons and **Plaintiff's Complaint** on the United States Attorney for the Southern District of New York, by Certified Mail, Return Receipt Requested at his office, United States Attorney, Southern District of New York, One St. Andrews Place, New York, New York 10007, to the attention of the Civil Process Clerk, and by serving a copy of the **Summons** and **Plaintiff's Complaint** on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC 20530, to the attention of the Civil Process Clerk.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), and 28 U.S.C. §1402(b) as the United States is a Defendant, a substantial part of the events or omissions giving rise to the claim occurred in this district, and Plaintiff resides in this district.

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

7. This case is commenced and prosecuted against the defendant **UNITED STATES OF AMERICA** pursuant to and in compliance with Title 28 U.S.C. §2671 - §2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §1346(b)(1) and Title 28 U.S.C. §2674 because the personal injuries, and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of "deemed" employees of the defendant **UNITED STATES OF AMERICA**, including the Department of the Health and Human Services at a deemed clinic pursuant to The Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S. C. 233 (g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law no. 104-73, 42 U.S. C. 201., by a Geraldine Jean, DO, who was a full time employee of Hudson River HealthCare Inc. with executive offices at 1200 Brown Street, Peekskill, New York, in Westchester County and a medical facility at 75

2

Washington Street, Poughkeepsie, New York in Dutchess County, while acting within the scope of their office or employment, under circumstances where the defendant **UNITED STATES OF AMERICA**, if a private person, would be liable to the plaintiff **BRITTANY HOGENCAMP** in the same manner and to the same extent as a private individual under the laws of the State of New York.

### III.

### JURISDICTIONAL PREREQUISITES

8. Plaintiff pleads pursuant to Title 28 U.S.C. §2672 and Title 28 U.S.C. §2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Health and Human Services, on December 23, 2019 for the claim of Plaintiff **BRITTANY HOGENGAMP**. The Department of Health and Human Services acknowledged receipt of the claims on January 6, 2020. Greater than six (6) months has passed since the filing of these claims. Defendant, **UNITED STATES OF AMERICA** has failed to resolve these claims. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation by filing suit within six (6) months of the claims denial.

### IV.

### THE DEPARTMENT OF HEALTH AND HUMAN SERVICES IS AN AGENCY OF THE UNITED STATES OF AMERICA

9. The Department of the Health and Human Services is an agency of the defendant **UNITED STATES OF AMERICA**. The **UNITED STATES OF AMERICA**, Defendant herein, through its agency, the Department of Health and Human Services, at all times material hereto, deemed the ownership, operation and control of the health care facility known as Hudson River HealthCare Inc. with executive offices at 1200 Brown Street, Peekskill, New York in

3

Westchester County and a medical facility at 75 Washington Street, Poughkeepsie, New York in Dutchess County and through its agency, the United States Department of Health and Human Services, and deemed the employees of said health clinic and staff of said health care facility to be its agents, servants, and/or employees. The clinic is physically located within the borders of New York.

## V.

## EMPLOYMENT AND COURSE AND SCOPE

10. At all times material hereto, all persons involved in the medical and health care services provided to Plaintiff, **BRITTANY HOGENCAMP** at a medical facility known as Hudson River Healthcare, Inc. located at 75 Washington Street, Poughkeepsie, New York in Dutchess County, including GERALDINE JEAN. D.O. were deemed by agency regulations to be agents, servants, and/or employees of the Department of Health and Human Services ,an agency of the defendant **UNITED STATES OF AMERICA**, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

11. This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff, **BRITTANY HOGENCAMP**, resulting from personal injuries and damages to Plaintiff **BRITTANY HOGENCAMP**, including but not limited to timely diagnose and treat compartment syndrome in his left leg.

12. Plaintiff, **BRITTANY HOGENCAMP**, was an obstetrical patient of Geraldine Jean, DO, an agent, servant and/or employee of Hudson River HealthCare, Inc. when on January 31, 2019 Dr. Jean performed a vaginal delivery of plaintiff, **BRITTANY HOGENCAMP'S**

4

baby. Dr. Jean negligently caused, failed to diagnose and treat a third degree laceration of the perineum which resulted in, among other things, the need for surgical repair, limitation to only cesarean section deliveries in the future, severe pain, leakage of feces and gas, depression and anxiety.

13. Defendant, the **UNITED STATES OF AMERICA**, its agents, servants and/or employees was negligent in departing from good and accepted standards of medical practice in among other things, causing a third degree laceration of the perineum, in failing to timely diagnose and treat plaintiff, **BRITTANY HOGENCAMP.**

14. At all times mentioned herein, the employees, agents, and/or representatives of the defendant **UNITED STATES OF AMERICA,** its agents, servants and/or employees were negligent and causative of the injuries and damages sustained by plaintiff **BRITTANY HOGENCAMP** without any negligence on the part of the plaintiff **BRITTANY HOGENCAMP** herein.

15. That the Defendant **UNITED STATES OF AMERICA** failed to use due, reasonable and proper care in treating the plaintiff **BRITTANY HOGENGAMP** and deviated from accepted standards of medical care and the Defendant **UNITED STATES OF AMERICA** failed to exercise the knowledge, skill and diligence, which as physicians, and allied health care providers they should have possessed and exercised on behalf of the Plaintiff, and were otherwise careless and negligent.

## VIII.

## DAMAGES

16. That solely as a result of the aforesaid injuries due to the improper care and treatment on the part of the Defendant **UNITED STATES OF AMERICA** its agents servants

5

and/or employees, the plaintiff **BRITTANY HOGENCAMP** has been subjected to repeated medical therapy, examinations, tests, medications, hospitalizations, and other care, and the plaintiff **BRITTANY HOGENCAMP** will continues to require such further treatment in the future and has been damaged in the amount of Three Million Dollars ($3,000,000).

17. That the Plaintiff **BRITTANY HOGENCAMP** has sustained the injuries and damages set forth solely by reason of the carelessness, negligence and lack of skill of the defendant, **UNITED STATES OF AMERICA** its agents, servants and/or employees without any negligence or carelessness on the part of plaintiff **BRITTANY HOGENCAMP**.

18. As a result of the negligence defendant **UNITED STATES OF AMERICA's** its agents, servants and/or employees negligence, plaintiff, **BRITTANY HOGENCAMP** has suffered and continues to suffer severe personal injuries and injuries, including but not limited to past and future physical pain and suffering and mental anguish; past and future physical disfigurement; past and future permanent physical impairment and permanent disability; past and future loss of earnings and earning capacity; past and future medical care, health care and attendant care expenses; past and future loss of normal life; out of pocket expenses and other pecuniary losses and damages. Such injuries are, in reasonable probability, permanent in nature. Plaintiff, **BRITTANY HOGENCAMP**, brings this suit to recover all damages available under New York state law, federal law, and equity resulting from the injuries proximately caused by defendant **UNITED STATES OF AMERICA's** negligence.

IX.

MEANING OF "DEFENDANT"

19. In this Complaint, whenever the term "defendant" is used, it means defendant, defendant's officers, agents, servants, employees, and/or representatives. Whenever in this

6

Complaint it is alleged that defendant did any act or thing, it is meant that defendant, defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of defendant and was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that defendant omitted any act or thing, it is meant that defendant, defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## X.

## PRAYER

Plaintiff **BRITTANY HOGENCAMP** requests that defendant **UNITED STATES OF AMERICA** appear and answer herein; that upon final trial and hearing, Plaintiff have judgment against the Defendant, for the amount of Three Million Dollars ($3,000,000.); for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the plaintiff may show himself.

FIEDLER DEUTSCH, LLP
**Attorneys for plaintiffs**

By: _____
DUANE M. FIEDLER
81 Main St., Ste. 304
White Plains, NY 10601
914-993-0393

Dated: White Plains, New York
       July 27, 2020

# CERTIFICATE OF MERIT

I, DUANE M. FIEDLER, have reviewed the facts of the case and have consulted with at least one physician licensed t practice medicine in New York and I reasonably believe that the expert is knowledgeable in the relevant issues involved and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this suit.

Dated: White Plains, NY
July 27, 2020

_____
DUANE M. FIEDLER